IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| BRIAN E. DUKE | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO: 1:20-00065 |
| | ) | |
| MEGAN TAYLOR, et al. | ) | |

**TO:** Honorable William L. Campbell, District Judge

## REPORT AND RECOMMENDATION

This *pro se* and *in forma pauperis* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum and Order entered November 23, 2020 (Docket Entry No. 17).

Pending before the Court is Plaintiff's motion (Docket Entry No. 75) for a preliminary injunction. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

### I. BACKGROUND

Brian E. Duke ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("TCIX") in Only, Tennessee. He filed this lawsuit on October 8, 2020, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the TCIX. Upon initial review of Plaintiff's pleadings, the Court dismissed several claims but found that he asserted an arguable Eighth Amendment excessive force claim against TCIX correctional officers Ted

Kenny Baltimore, Jr., and Brandon Refit (hereinafter referred to collectively as "Defendants") based upon events that are alleged to have occurred on May 19, 2020. *See* Docket Entry No. 17. Defendants have not yet been served with process in the case.

In his motion and accompanying affidavit, Plaintiff complains about a multitude of recent events occurring at the TCIX, including but not limited to, restrictions on inmate access to the TCIX law library, the refusal of correctional staff to adjust the thermostat, the lack of hot water for showers, slow laundry service, cell searches, and his impending security reclassification. *See* Docket Entry No. 75 at 3-4. Plaintiff requests an injunctive order against Defendants and all persons employed by TDOC and "their agents, servants, employees and [those in active concert or participation with them]" preventing them from taking approximately 51 actions listed in his motion, *id*. at 1-2, and specifically requests that the Court enter an order preventing his transfer to another facility, where he contends that "unspeakable acts of violence and death will most certainly result to Plaintiff." *Id*. at 2. Approximately three weeks after filing his motion, Plaintiff filed a letter and packet of documents related to the reclassification and transfer, as well as copies of prison grievances that he has filed. *See* Docket Entry No. 76.

## II. ANALYSIS

Plaintiff's motion for a preliminary injunction should be denied. Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Pretrial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and is extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the

2

Case 1:20-cv-00065   Document 80   Filed 05/25/21   Page 2 of 4 PageID #: 424

burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's motion for preliminary injunctive relief should be denied. Initially, Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield,* 866 F.2d 162, 167 (6th Cir. 1989. At this early point in the litigation, his likelihood of success on his claim is no greater than that of Defendants. Furthermore, the relief requested by Plaintiff is directed primarily at individuals who are not parties to this action. Injunctive relief generally cannot be directed at individuals who are not parties to the case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties).

The events about which Plaintiff complains are also both largely speculative and unrelated to the single, narrow claim in this case. A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Such a link is missing.

The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

Finally, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff.

### R E C O M M E N D A T I O N

For the reasons stated, it is respectfully RECOMMENDED that Plaintiff's motion (Docket Entry No. 75) for a preliminary injunction be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                          Respectfully submitted,

                          _____
                          BARBARA D. HOLMES
                          United States Magistrate Judge