IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

BRIAN E. DUKE           )
                        )
    v.                  )      NO: 1:20-cv-0065
                        )
MEGAN TAYLOR, et al.    )

**TO:** Honorable William L. Campbell, U.S. District Judge

## REPORT AND RECOMMENDATION

This *pro se* and *in forma pauperis* civil rights action was referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum and Order entered November 23, 2020 (Docket Entry No. 17). For the reasons set out below, the undersigned respectfully recommends that Defendants' pending motion to dismiss (Docket Entry No. 110) be granted and this case be dismissed.

### I. BACKGROUND

Brian E. Duke ("Plaintiff") filed this *pro se* lawsuit on October 8, 2020, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights. At the time Plaintiff filed the lawsuit, he was an inmate of the Tennessee Department of Correction and alleged that correctional officers Ted Kenny Baltimore, Jr., and Brandon Refit (hereinafter referred to collectively as "Defendants") used excessive force against him at the Turney Center Industrial Complex, a prison facility located in Only, Tennessee. In July 2021, Plaintiff filed a change of address notice, stating that he had been released from incarceration and providing a mailing address in Cherokee, Alabama. *See* Docket Entry No. 91.

Upon the expiration of deadlines set out in a scheduling order and an amended scheduling order, the Court set the case for a jury trial in November 2022 and set deadlines in early November for the parties to complete trial preparation activities. *See* Order entered September 16, 2022 (Docket Entry No. 98). The Court subsequently continued the trial due to a conflict in the Court's schedule. *See* Order entered November 17, 2022 (Docket Entry No. 109).

On January 3, 2023, Defendants filed the pending motion to dismiss the case for lack of prosecution. Defendants assert that, since his release from incarceration, Plaintiff (1) has not responded to any of Defendants' discovery requests or motions, (2) has not complied with the Court's directives to exchange information and to work on a joint pretrial order in preparation for trial, and (3) has moved without providing notice of his new address, as evidenced by the return of mail that Defendants attempted to send to Plaintiff at his address of record in Cherokee, Alabama. *See* Memorandum in Support (Docket Entry No. 111).

By Order entered January 4, 2023 (Docket Entry No. 112), the Court notified Plaintiff of the motion and gave him a deadline of February 3, 2023, to file a response. The case docket indicates that the copy of the Order mailed to Plaintiff at his address of record was returned undelivered with the notation "return to sender, not deliverable as addressed, unable to forward." *See* Docket Entry No. 113.

## II. ANALYSIS

Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ." Rule 37(b)(2) includes the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626

2

Case 1:20-cv-00065   Document 114   Filed 02/06/23   Page 2 of 4 PageID #: 608

(1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The circumstances of this case warrant its dismissal. As indicated by the return of mail that the Court has attempted to send to Plaintiff, the Court does not have a good mailing address for him. Further, as indicated by Defendants' motion, Defendants have been unable to communicate with Plaintiff about the parties' responsibilities regarding trial preparation.

The case cannot proceed with an absent plaintiff. Dismissal of the case with prejudice is appropriate in light of the impasse in further proceedings caused by Plaintiff's failure to prosecute, his apparent disinterest in the action, and the fact that his current whereabouts are either unknown or he refuses to accept mail, or perhaps both. Neither the Court nor Defendants should be required to devote any further resources given Plaintiff's apparent disinterest in continuing to litigate the case. Defendants will be prejudiced in this action by a sanction lesser than a dismissal with prejudice given that they have already expended resources to defend the case on the merits. Although the Court recognizes that Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that Defendants' motion to dismiss (Docket Entry No. 110) be GRANTED and that this case be DISMISSED WITH PREJUDICE under Rules 16(f) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge